KING, C.J.,
for the Court.
¶ 1. 0 & J Loading Service, LLC appeals the trial court’s ruling that its appeal of the March 17, 2003, decision of the Mississippi Employment Security Commission[1] was untimely. The trial court also found that the Commission’s decision was supported by substantial evidence. The March 17, 2003, decision ruled that 0 & J’s former worker, Gerald Phelps, and other similarly situated workers were employees, that Gerald Phelps was entitled to unemployment benefits, and that 0 & J should have reported wages and paid taxes for Gerald Phelps and other similarly situated employees.
FACTS AND PROCEDURAL HISTORY
¶2. Gerald Phelps worked for 0 & J Loading Service, LLC loading tires onto trucks. 0 & J set his work schedule, and he was paid a set amount per truckload. The company, however, categorized Phelps not as an employee, but as a part-owner in the company. Under 0 & J’s limited liability company structure, Phelps owned one non-voting share in O & J, evidenced by a certificate. Accordingly, Phelps received a K-l[2] form rather than a W-2[3] form for the purpose of filing his tax returns.
¶ 3. Phelps left his employment with the company on October 23, 2002. He applied for unemployment benefits with the Mississippi Employment Security Commission on December 2, 2002. That application was denied.[4] On December 9, 2002, Phelps completed an application for reconsideration. At that point, the Commission discovered that O & J was not a registered employer under the Mississippi Employment Security Law and began an investigation to determine whether Phelps was an employee qualified to apply for unemployment benefits. The Commission’s field representative collected a copy of O & J’s Forml065[5] for 2001, O & J’s operating agreement, Phelps’ stock certificate, and Phelps’ Form K-l for 2001. Phelps also completed an independent contractor’s questionnaire for the Commission.
¶ 4. The Contribution and Status Department at the Commission determined that Phelps was an employee of, and not a partner in, O & J. On March 17, 2003, the Contribution and Status Department is *599 sued its decision, containing notice of a ten-day deadline for appeal pursuant to Mississippi Code Annotated Section 71-5-355(2)(b)(ix) (Rev.2000), to 0 & J. 0 & J did not appeal the decision until April 11, 2003, when its CPA mailed a letter disagreeing with the Department’s decision. This letter was sent outside the ten-day appeal period set forth in the March 17, 2003, decision.
¶ 5. A hearing on the appeal was scheduled for September 8, 2003, and then postponed until September 22, 2003. Although it appears that the Commission initially intended for its representative to address the merits of the Department’s finding of an employer/employee relationship, the hearing officer only heard evidence and arguments regarding the timeliness of the appeal. On September 30, 2003, the hearing officer issued his opinion. In that letter, the hearing officer concluded that O & J had failed to file its appeal of the Department’s findings of an employer/employee relationship within the applicable 10-day period and, therefore, dismissed the appeal.
¶ 6. O & J then appealed that decision to the Commission, which held a hearing on March 12, 2004, to determine whether O & J’s appeal of the initial decision was timely. The Commission held that the appeal of the initial decision was untimely and stated further that the initial decision was supported by substantial evidence. O & J then appealed the decision of the Commission to the trial court, which affirmed the Commission’s decision.
¶ 7. O & J argues it was entitled to a thirty-day appeal period, rather than the ten-day period cited in the March 17, 2003 decision. Specifically, O & J argues that the March 17, 2003 decision was an initial determination of its rate of contribution and was subject to a thirty-day appeal period, as set forth in Mississippi Code Annotated Section 71 — 5—355(2)(b) (fix); therefore, its appeal was timely. O & J also contends that the agency’s determination that Phelps and other similarly situated workers were employees, rather than owners, was arbitrary and capricious and unsupported by substantial evidence. The Commission argues that its decision was a contribution liability or status decision subject to the ten-day appeal period stated in Mississippi Code Annotated Section 71-5-355(2)(b)(ix).
STANDARD OF REVIEW
¶ 8. In reviewing the decision of a trial court regarding an agency decision, this Court will affirm the agency decision unless that decision “(1) was unsupported by substantial evidence; (2) was arbitrary or capricious; (3) was beyond the power of the administrative agency to make; or (4) violated some statutory or constitutional right of the complaining party.” Mississippi Sierra Club v. Mississippi Dep’t of Envtl. Quality, 819 So.2d 515, 519(¶ 15) (Miss.2002).
ANALYSIS
¶ 9. Under Mississippi’s statutory scheme for determining whether an employer is required to pay unemployment taxes, an “employing unit” includes “any individual or type of organization, including any partnership, association, trust, estate, joint-stock company, insurance company, or corporation whether domestic or foreign, ... which has or had in its employ one or more individuals performing services for it within this state.” Miss.Code Atm. § 71-5-ll(H) (Supp.2006). An “employer” is any “employing unit” that meets certain specifications regarding wages, persons in service to the employer, the type of services performed, etc. See Miss. Code Ann. § 71-5-11(1) (Supp.2006). Employment is “determined in accordance *600 with the principles of the common law governing the relation of master and servant.” Miss.Code Ann. § 71-5-11 (I)(14).
¶ 10. Mississippi Code Annotated Section 71 — 5—355(2)(b)(ix) states in pertinent part as follows:
The department shall notify each employer of his rate of contribution as determined for any tax year as soon as reasonably possible after November 1 of the preceding year. Such determination shall be final, conclusive and binding upon such employer unless, within thirty (30) days after the date of the mailing of such notice to his last known address, the employer files with the department an application for review and redetermi-nation of his contribution rate, setting forth his reasons therefor .... but no employer shall be allowed, in any proceeding involving his rate of contributions or contribution liability, to contest the changeability to his account of any benefits paid in accordance with a determination, redetermination or decision pursuant to Sections 71-5-515 through 71-5-533 except upon the ground that the services on the basis of which such benefits were found to be chargeable did not constitute services performed in employment for him, and then only in the event that he was not a party to such determination, redetermination, decision or to any other proceedings provided in this chapter in which the character of such services was determined. The employer shall be promptly notified of the denial of this application or of the rede-termination, both of which shall become final unless, within ten (10) days after the date of mailing of notice thereof, there shall be an appeal to the department itself....
Miss.Code Ann. § 71-5-355(2)(b)(ix). These appeals processes are limited in scope and are available to employers only in limited circumstances as defined by statute.
¶ 11. O & J argues that it is appealing an order establishing its contribution rate and that the March 17, 2003, decision was an initial determination. Specifically, O & J argues that it is not an employer required to make contributions to the fund, as its relationship with Phelps and other similarly situated persons is not an employer/employee relationship. Accordingly, O & J contends that the statute permits a thirty-day appeal period. In so arguing, however, O & J ignores the limited scope of appeals in which the thirty-day appeal period is available.
¶ 12. The statute clearly states that only an employer appealing a determination of his “rate of contribution” is entitled to the thirty-day appeal period. The rate of contribution is defined in Mississippi Code Annotated Section 71-5-353 as a specific percentage of the taxable wages that an employer pays during each calendar year. That rate can be modified, as set forth in Section 71-5-355. O & J is not appealing the Commission’s ruling that it is required to pay a specific percentage of taxable wages, but the ruling that it be required to pay the tax at all. O & J’s appeal, then, is not an appeal of the applicable contribution rate, but of its contribution liability with regard to a particular employee and class of employees.
¶ 13. Mississippi Code Annotated Section 71 — 5—355(2)(b)(ix) also provides that an appeal of contribution liability is allowed only when an employer, who was not previously notified of proceedings to determine such liability, seeks to contest benefits awarded to a former employee and charged to his account during an employee’s attempt to secure unemployment benefits. When an appeal is allowed in this limited circumstance, the employer is *601 granted ten days in which to perfect his appeal.
¶ 14. In this case, the Commission denied Phelps’ initial application for unemployment benefits. When Phelps completed an application for reconsideration of his denial, the Commission’s Contribution and Status Department undertook an investigation of Phelps’ employment status. The Commission’s March 17, 2002, redetermi-nation of Phelps’ eligibility for unemployment benefits, which is part of the process outlined in Mississippi Code Annotated Sections 71-5-515 through 71-5-533, was the decision that provided the required notice to O & J, thereby triggering the ten-day appeal period set forth in the statute.
¶ 15. O & J’s April 11, 2003, notice of appeal was filed outside of the ten-day appeal period set forth in Mississippi Code Annotated 71-5-355. Accordingly, O & J’s appeal was not timely filed, and the Commission’s March 17, 2003, ruling is final. Having held that the appeal was untimely, this Court will not address the remaining issues raised by O & J.
¶ 16. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. BARNES AND CARLTON, JJ., NOT PARTICIPATING.

. Effective July 1, 2004, the Mississippi Employment Security Commission became known as the Mississippi Department of Employment Security. See Miss.Code Ann. § 71-5-11(f) (Rev.2005).

. A Schedule K-l is the form that the IRS issues to each partner in a partnership, including an LLC, to report the income, gains, losses, etc. received from membership in that partnership. Partners must complete the Schedule K-l as part of their tax returns.

. A W-2 Form is the form that reports wages earned within a calendar year. The employer completes a W-2 Form for each employee to submit as part of his individual tax returns.

. Phelps’ initial application for benefits and. the document initially denying benefits are not in the record before the Court. Phelps’ application for reconsideration, however, is in the record and reflects December 2, 2002, as the date of his initial application. The parties have not disputed this point of fact.

. IRS Form 1065 is an information return used to report the income, deductions, gains, losses, etc., from the operation of a partnership, including an LLC. Such entities do not pay tax on their income but pass through any profits or losses to their partners. Partners must include partnership items on their tax returns.